UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE,<br><br>  Plaintiff,<br><br>vs.<br><br>SHANNON POE,<br><br>  Defendant. | Case No.: 1:18-cv-353-REP<br><br>**JUDGMENT** |

WHEREAS:

1. On June 4, 2021, the Court granted summary judgment in favor of Plaintiff Idaho Conservation League (ICL) (Dkt. 50), finding that Defendant Shannon Poe violated the Clean Water Act (CWA) on each of 42 days spanning 2014, 2015, and 2018 on which he operated a suction dredge without a CWA Section 402 permit on the South Fork Clearwater River;

2. On September 28, 2022, the Court issued its Memorandum Decision and Order on ICL's Motion for Remedies (Remedies Decision) (Dkt. 66);

3. The Remedies Decision: (1) granted an injunction prohibiting Mr. Poe from suction dredge mining on the South Fork Clearwater River without first obtaining and complying in good faith with a CWA Section 402 permit; and (2) ordered Mr. Poe to pay a civil penalty of $150,000 to the United States Treasury;

4. The Remedies Decision directed the parties to submit a joint proposal to the Court addressing: (1) the terms of the injunction; and (2) a deadline for the $150,000 payment and any corresponding payment schedule/logistics.

5. The parties submitted, and the Court has reviewed, the joint proposal.

**JUDGMENT - 1**

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Mr. Poe is hereby permanently enjoined and prohibited from suction dredge mining anywhere in the South Fork Clearwater River unless he first: (1) obtains a valid CWA Section 402 permit authorizing discharges from suction dredge mining to the South Fork Clearwater River; and (2) complies in good faith with said permit.

2. Mr. Poe shall pay $150,000 in civil penalties to the U.S. Treasury, with judgment interest accruing at the applicable rate for judgments in the State of Idaho (as set by the Idaho State Treasurer's office each year under Idaho Code § 28-22-104), from the date this Judgment is entered until paid:

    a. $15,000 due 30 days after entry of final judgment;

    b. $15,000 per year for nine years, with the first year beginning January 1, 2023. Each payment shall be made by the end of each year: December 31, 2023, December 31, 2024, December 31, 2025, December 31, 2026, December 31, 2027, December 31, 2028, December 31, 2029, December 31, 2030, and December 31, 2031;

    c. Each payment shall include the applicable judgment interest calculated to the date each payment is made;

    d. This payment schedule does not prevent Mr. Poe from making payments earlier or paying the judgment in full, with applicable judgment interest, if he is able to do so.

3. Within 21 days of making any civil penalty payment, Mr. Poe shall provide proof of payment to ICL's counsel.

**JUDGMENT - 2**

4. Upon entry of this Judgment, ICL has 14 days under Federal Rule of Civil Procedure 54(d)(2) to file any motion for attorney fees. After that time period, or after any such motion is resolved, this case shall be administratively terminated for internal case management purposes; however, the Court will retain jurisdiction for purposes of enforcing the Judgment. ICL shall have the right to reopen the case should Mr. Poe suction dredge mine on the South Fork Clearwater River without complying with the terms of this Judgment or should Mr. Poe fail to make a penalty payment under the terms of this Judgment.

**IT IS SO ORDERED.**

DATED: October 21, 2022

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**JUDGMENT - 3**