Bryan Hurlbutt (ISB # 8501)
Laurence J. Lucas (ISB # 4733)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)
bhurlbutt@advocateswest.org
llucas@advocateswest.org

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| IDAHO CONSERVATION LEAGUE, | ) | No. 1:18-cv-353-REP |
| | ) | |
| Plaintiff, | ) | **OPENING BRIEF IN SUPPORT** |
| | ) | **OF MOTION FOR AWARD** |
| v. | ) | **OF ATTORNEY FEES AND** |
| | ) | **LITIGATION EXPENSES** |
| SHANNON POE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>INTRODUCTION</u>**

Plaintiff Idaho Conservation League (ICL) respectfully moves the Court for an award of reasonable attorney fees and litigation expenses incurred in this matter against Defendant Shannon Poe, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Section 505(d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(d).

As explained below and detailed further in the accompanying Declaration of Laurence ("Laird") J. Lucas, Plaintiff is entitled to an award of reasonable attorney fees and litigation expenses in this matter because it fully prevailed as reflected in the Court's Judgment entered October 21, 2022 (ECF No. 67), and the Court's prior Liability and Remedies Decisions (ECF Nos. 50 & 66).

The requested award of attorney fees is based on the "lodestar" approach, using time reasonably expended by Plaintiff's counsel multiplied by reasonable hourly rates consistent with District of Idaho market rates for similarly experienced counsel. *See* Lucas Decl.; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The requested litigation expenses include expert witness and service and delivery fees, which are compensable under the CWA and not included in ICL's Bill of Costs (filed herewith). The total fees and expenses for which ICL seeks an award are detailed in the Lucas Declaration, and summarized as follows:

| | |
|---|---|
| Attorney Fees | $ 192,275.00 |
| Bill of Costs (ECF No. 68) | $      685.55 |
| Other Litigation Expenses | $    3,464.70 |
| **Total Fees and Expenses** | **$ 196,425.25** |

The above attorney fee claims reflect attorney time spent through entry of Judgment on this matter, and do not include time spent preparing this motion. Plaintiff reserves the right to submit supplemental fees incurred in litigating this motion, as may be necessary. *See In re Nucorp Energy, Inc.,* 764 F.2d 655, 659–660 (9th Cir.1985) ("time spent in establishing the entitlement to and amount of the fee is compensable").

## STATEMENT OF RELEVANT FACTS

ICL filed this case on August 10, 2018 as a citizen suit under the CWA, alleging that Defendant Shannon Poe was engaged in ongoing CWA violations by operating a suction dredge mine and discharging pollutants to the South Fork Clearwater River ("South Fork") on multiple occasions in 2014, 2015, and 2018 without a valid National Pollutant Discharge Elimination System ("NPDES") permit. *See* Complaint, ECF No. 1.

ICL only filed suit after sending Poe a detailed 60-day notice letter on May 20, 2016, notifying him of ICL's intent to sue for his past and future CWA violations. *See*

2016 Notice Letter (ECF No. 17-2, pp. 23–26). Poe initially responded to the 2016 notice by saying he would not suction dredge in the future without valid permits – but then went back on his word. Complaint, ¶ 66. After ICL found out that Poe was still planning to suction dredge without an NPDES permit, ICL sent him additional reminder letters in 2017 and 2018 of its intent to bring a CWA enforcement action. *Id.* ¶ 67. When Poe continued to suction dredge on multiple days in 2018 without any NPDES permit, ICL filed this action seeking injunctive relief to prohibit him from further suction dredging without a valid CWA permit, and an award of penalties for his prior violations. *Id.*, Prayer for Relief.

On December 21, 2018, Poe moved to dismiss the Complaint, arguing that ICL failed to give adequate notice as required by the CWA and that ICL lacks standing. ECF No. 17. After briefing and argument, the Court denied the motion to dismiss on September 30, 2019. ECF No. 26.

Pursuant to the parties' agreed litigation plan, liability was bifurcated from remedies, and limited discovery was conducted on liability. *See* ECF Nos. 29 & 31. As part of that limited discovery, ICL took a deposition of Defendant Poe on April 9, 2020. *See* ECF No. 38-5 (Poe deposition transcript excerpts).

On May 18, 2020, ICL and Poe each filed cross-motions for summary judgment on liability. ECF Nos. 38 & 39. Following briefing and argument, the Court issued its Memorandum Decision on the cross-motions on June 4, 2021, granting summary judgment for ICL and holding that Defendant Poe committed 42 violations of the CWA by operating a suction dredge and discharging pollutants to the South Fork in 2014, 2015, and 2018 without a required permit. ECF No. 50 (Liabilities Decision).

On February 4, 2022, ICL filed its motion for remedies, asking the Court to enter injunctive relief and impose penalties for Poe's adjudicated CWA violations. ECF No. 59.  The remedies motion was supported, in part, by ICL's expert witness Dan Kenney, a former Forest Service fisheries biologist with extensive experience monitoring and assessing suction dredge mining and its impacts in the Clearwater River watershed, including the South Fork. ECF No. 59-9.

After briefing, the Court granted the remedies motion on September 28, 2022. ECF No. 66 (Remedies Decision). Citing the Kenney report, among others, the Court agreed that entry of injunctive relief was appropriate to prevent Defendant Poe from further suction dredging in the South Fork without a valid CWA permit. *Id.* at 5-18. The Court also determined to impose a civil penalty in the amount of $150,000, payable to the United States Treasury, for Poe's adjudicated CWA violations. *Id.* at 18-29.

In response to the Court's directive, ICL and Poe submitted an agreed form of Judgment which the Court entered on October 21, 2022. ECF No. 67.  The Judgment allows ICL to file this motion for fees/expenses under Rule 54(d) within 14 days. *Id.*

## **ARGUMENT**

### I.   **PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES.**

ICL seeks an award of attorney fees and litigation expenses that it reasonably incurred in this action under CWA Section 505(d), which provides that the Court, "in issuing any final order in any [citizen suit under Section 505], may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d).

"[T]o award attorney's fees under [Section 505(d)], a district court must make two findings. First, it must find that the fee applicant is a prevailing or substantially prevailing party. Second, it must find that an award of attorney fees is appropriate," or reasonable. *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.,* 574 F.3d 1054, 1058 (9th Cir. 2009) (internal quotations omitted). *See also* Memorandum Decision and Order, *Idaho Conservation League v. Magar*, No. 3:12-cv-337-CWD (D. Idaho Sept. 17, 2015), ECF No. 89 at 5-6 (following *Saint John's* in awarding fees and expert witness costs in CWA enforcement action); Memorandum Decision and Order Re: Motion for Attorney Fees and Expenses, *Idaho Conservation League et al. v. Atlanta Gold Corp.,* No. 1:11-cv-161-REB (D. Idaho, Sept. 30, 2020), ECF No. 200 at 7-8 (same).

Under the CWA, "[t]he threshold for sufficient relief to confer prevailing party status is not high." *Saint John's,* 574 F.3d at 1059. "If the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Tex. State Teachers Ass n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989).

Plaintiff ICL amply meets these standards for a CWA award of fees and expenses here.  It brought this case as a citizen suit enforcement action under the CWA and fully prevailed, as reflected in the Court's Judgment entered October 21, 2022 (ECF No. 67), and the Court's Liability and Remedies Decisions (ECF Nos. 50 & 66).

Accordingly, Plaintiff is entitled to an award of its reasonable attorney fees and litigation expenses under CWA Section 505(d) and F.R.Civ.P. 54(d).

## II.      PLAINTIFF'S FEE AND EXPENSE REQUEST IS REASONABLE.

Under CWA Section 505(d), the Court has broad discretion to determine the amount of fees and costs to award to Plaintiff, as the prevailing party. *See Saint John's,* 574 F.3d at 1058–59.

### A.      ICL's Requested Fees Are Reasonable

The United States Court of Appeals for the Ninth Circuit has adopted a two-part test for calculating a reasonable attorney fee award. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). First, the Court calculates the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). Next, the Court may exercise its discretion and "increase or reduce the presumptively reasonable lodestar fee" to account for additional factors. *Id.*

The plaintiff's degree of success is the most important factor in determining the reasonableness of the award. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. . . .The result is what matters." *Hensley*, 461 U.S. at 435. *See also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (holding that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained'") (quoting *Hensley*, 461 U.S. at 436).

Here, Plaintiff obtained "excellent results" through the Liability and Remedies Decisions and Judgment entered by the Court, and is thus entitled to a fully compensatory fee for its attorneys' legal services in these proceedings.

As detailed in the accompanying Lucas Declaration, ICL seeks an award of attorney fees calculated by using the lodestar approach, without any enhancements. *See* Lucas Decl., ¶¶ 20-29 & Exhibits 1-2 (copies of counsel timesheets for which a fee award is sought).

Plaintiff's counsel here, Mr. Lucas and Mr. Hurlbutt, are experienced environmental practitioners in the District of Idaho, and the bulk of the legal work was handled by the more junior attorney, Mr. Hurlbutt. *See* Lucas Decl., ¶¶ 2-23. Plaintiff seeks an award of fees using reasonable hourly rates consistent with rates that Mr. Lucas and Mr. Hurlbutt have been awarded or settled other environmental cases for recently in the District of Idaho. *Id.* ¶¶ 24-36. The requested fee award for their time is based on their contemporaneous timesheets reflecting necessary and appropriate legal services they provided during the proceedings. *Id.*

As detailed in the Lucas Declaration, ¶¶ 26-28 & Exh. 1-2, Plaintiff's request for award of attorney fees through entry of judgment in this matter is summarized as follows:

**ICL v. POE LITIGATION**
**FEE LODESTAR CALCULATIONS**

| ATTORNEY | HOURS AND RATES | AMOUNTS |
|---|---|---|
| **Laird J. Lucas** | | |
| L. Lucas, 2018 | 10.6 hours @ $450/hour = | $   4,770.00 |
| L. Lucas, 2019 | 13.5 hours @ $450/hour = | $   6,075.00 |
| L. Lucas, 2020 | 25.8 hours @ $465/hour = | $  11,997.00 |
| L. Lucas, 2021 | 5.3 hours @ $475/hour = | $   2,517.50 |
| L. Lucas, 2022 | 7.3 hours @ $485/hour = | $   3,540.50 |
| **L. Lucas, Total** | **62.5 hours (rates above) =** | **$  28,900.00** |
| | | |
| **Bryan Hurlbutt** | | |
| B. Hurlbutt, 2018 | 30.1 hours @ $250/hour = | $   7,525.00 |
| B. Hurlbutt, 2019 | 85.5 hours @ $250/hour = | $  21,375.00 |
| B. Hurlbutt, 2020 | 327.0 hours @ $275/hour = | $  89,925.00 |
| B. Hurlbutt, 2021 | 55.7 hours @ $300/hour = | $  16,710.00 |
| B. Hurlbutt, 2022 | 87.0 hours @ $320/hour = | $  27,840.00 |

**B. Hurlbutt, Total      585.3 hours (rates above) =          $163,375.00**
**TOTAL ATTORNEY FEES                                          $192,275.00**

Again, the above fee claims reflect attorney time through entry of judgment in this

matter, and Plaintiff reserves the right to submit supplemental fees incurred in litigating

this motion, as may be necessary. *In re Nucorp Energy,* 764 F.2d at 659–660.

### B.    ICL's Requested Expenses Are Reasonable

In addition to these fees, ICL request an award for its litigation expenses totaling

$3,464.70, which are litigation costs it incurred in addition to the filing fee and deposition

transcript costs itemized in its Bill of Costs (ECF No. 68). These include $504.70 in

service and delivery expenses, plus the $2,960 fee paid to ICL's expert witness, Mr. Dan

Kenney, whose expert testimony was credited by the Court in the Remedies Decision.

Lucas Decl. ¶¶ 37-40. The requested expenses were relevant and necessary to Plaintiff's

success in the litigation. *Id.*

Because the total fees and costs set forth above are reasonable in light of

Plaintiff's success and the nature and extent of these proceedings, the full amount should

be awarded by the Court. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106 (9th

Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional

judgment as to how much time he was required to spend on the case; after all, he won,

and might not have, had he been more of a slacker").

### CONCLUSION

For the foregoing reasons, Plaintiff ICL respectfully moves the Court to grant this

motion, and award it reasonable attorney fees and litigation expenses against Defendant

Shannon Poe in the total amount of **$ 196,425.25** (including the costs itemized in ICL's

Bill of Costs, ECF No. 68), plus such additional amounts as may later be submitted to the

Court for time spent by Plaintiff's attorneys on this motion.

Dated:  November 4, 2022                    Respectfully submitted,

/s/ *Laurence ("Laird") J. Lucas*
Bryan Hurlbutt (ISB #8501)
Laurence ("Laird") J. Lucas (ISB #4733)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024 x206
(208) 342-8286 (fax)
bhurlbutt@advocateswest.org
llucas@advocateswest.org

*Attorneys for Plaintiffs*